**UNITED STATES, Appellee,**

v.

**Robert D. BAKER, Private, U.S. Army, Appellant.**

No. 64,646.

CM 8802811.

U.S. Court of Military Appeals.

Argued January 10, 1991.

Decided May 15, 1991.

For Appellant: *Captain Michael J. Berrigan* (argued); *Colonel Robert B. Kirby*

and *Major Michael J. Kelleher* (on brief); *Lieutenant Colonel Russell S. Estey.*

For Appellee: *Captain Donna L. Barlett* (argued); *Colonel Alfred F. Arquilla, Lieutenant Colonel Daniel J. Dell'Orto, Major Maria C. Fernandez* (on brief); *Captain James K. Reed.*

*Opinion of the Court*

COX, Judge:

We consider today whether a court-martial, reconvened by a military judge after adjournment, may "correct" upward a previously announced sentence which was lawful on its face.[1]  We hold that it cannot.

On December 6, 1988, before a general court-martial made up of officers and enlisted members, appellant pleaded guilty to one specification of conspiracy to distribute a controlled substance, four specifications of distribution of controlled substances, and one specification of absence without leave (7 days), in violation of Articles 81, 112a, and 86, Uniform Code of Military Justice, 10 USC §§ 881, 912a, and 886, respectively.

After due deliberation on the sentence, the president and members of the court-martial returned to the courtroom to announce the sentence.  Prior to receiving the sentence, the military judge asked to see the sentence work sheet.  After reviewing the document, he proclaimed: "I have examined the work sheet, it is in order." *See* Appendix.

The president of the court-martial then announced the following sentence:

> In the case of *The United States versus Robert D. Baker*, Private E2 Robert D. Baker, this court-martial sentences you:
>
> To forfeit all pay and allowances, to pay the United States a fine of

---

1.  We granted these three issues for review:

I

WHETHER THE TRIAL COUNSEL VIOLATED ARTICLE 37, UNIFORM CODE OF MILITARY JUSTICE, WHEN HE, *EX PARTE,* ASKED A PANEL MEMBER WHY APPELLANT WAS NOT ADJUDGED A PUNITIVE DISCHARGE.

II

WHETHER THE MILITARY JUDGE ERRED BY ALLOWING "CORRECTION" OF APPELLANT'S PREVIOUSLY ANNOUNCED SENTENCE.

III

WHETHER THERE IS "COMPETENT" AND ADMISSIBLE EVIDENCE TO IMPEACH THE SENTENCE ORIGINALLY ANNOUNCED, WHERE THE MILITARY JUDGE IMPROPERLY PERMITTED INQUIRY INTO THE PANEL MEMBERS' DELIBERATIONS IN VIOLATION OF MILITARY RULE OF EVIDENCE 606(b).

Due to our resolution of Issue II, it is unnecessary for us to decide Issues I and III. Similarly, we need not decide whether trial counsel's con-

$1,100.00, to be reduced to the grade of E1, and to be confined for ten years. In particular, no discharge was mentioned.

No exception was taken to the sentence by any member of the court-martial, and neither the military judge, trial counsel, nor defense counsel inquired into the accuracy of the announcement. The members were excused. Shortly thereafter, the court-martial was adjourned.

Later that same day, one of the court members, Lieutenant Colonel B, left a message for trial counsel to call him. When trial counsel promptly returned the call, as he later explained to the military judge, he and the member "discuss[ed] another matter involving the case."

During the conversation, trial counsel asked the member why the panel had not adjudged a punitive discharge for appellant. According to trial counsel, the member

related to me that the panel had voted for a discharge and it was a Dishonorable Discharge. I informed him that it was not reflected on the work sheet and it had not been announced by the president and he informed me immediately that that was mistake and—and that it needed to be corrected, that a Dishonorable Discharge had been voted upon by the members and that he would contact Colonel [G] [the president of the court-martial] and have him relay that message.

Shortly after that, I did receive a phone call from Colonel [G]. He stated basically the same thing to me and I told him that, in my experience, I've never seen anything like this happen, I was not sure there was a provision for even correcting a sentence that had not been announced, but that he should call you [the military judge] and that's when, I believe, you were informed of it.

Two days after the phone conversation, on December 8, the military judge convened a post-trial Article 39(a), UCMJ, 10

USC § 839(a), session. At the hearing, the military judge and counsel conducted an extensive *voir dire* of the court members regarding the sentencing process.[2] Colonel G and Lieutenant Colonel B confirmed the substance of the conversations, as represented by trial counsel, leading up to the reassembly of the court-martial. Colonel G confirmed that the requisite number of members had voted for a dishonorable discharge. *See* Art. 52(b), UCMJ, 10 USC § 852(b).

Colonel G also explained how it happened that he failed to announce the discharge. He admitted that

[i]t was clearly an administrative error on my part in not recording it. As I went down each one of the—the spaces on the form [the sentence work sheet] trying to find the one that corresponded to what we had determined to be the sentence, as I say, clearly it was an error on my part that I did not include that on the form and then when I read it out in court, I just read out what I had circled.

All of the remaining members, in turn, confirmed their understanding that the requisite number of members had voted for the dishonorable discharge. After receiving legal argument from counsel, the military judge recessed the court-martial.

On December 22, the military judge reconvened the Article 39(a) session. He again summarized the events to date, then ruled as follows:

In my view, what occurred was an erroneous announcement of the sentence. A Dishonorable Discharge was adjudged by the members. However, because of an oversight, it was not announced by the senior member, Colonel [G]. The required number of members adjudged the Dishonorable Discharge.

That error was corrected at the last post-trial session. Rule for Court–Martial 1007(b) was enacted to handle these very situations. There was no reconsideration of the sentence. The sentence of

___

versation with the member purloined the member from further participation as a panel member.

**2.** The members were not "polled" as to how they personally voted or asked about their views or

impressions. *See* RCM 1007(c), Manual for Courts–Martial, United States, 1984. The questions related merely to whether the requisite number of members had in fact voted for the discharge.

the court-martial was not increased. The error was caught shortly after adjournment, within hours, as a matter of fact. The delay until today to announce my findings was, in large part, due to the request of the defense counsel so that he could submit a brief on the matter.

Additionally, I specifically find that there have been no violations of Military Rule of Evidence 606.

In this case, a Dishonorable Discharge was adjudged by the court members and may be approved by the convening authority.

Therefore, in this case, the following sentence may be approved, and nothing more: Dishonorable Discharge, confinement for five years [3] total forfeitures, reduction to E1, and a fine of $1,100.00.

Thereafter, the convening authority approved the sentence indicated by the military judge, including the dishonorable discharge.

The Court of Military Review concluded that, because the court-martial was reconvened solely to correct an error in the announcement and not to "reconsider" a previously adjudged sentence, the action in effect represented a "new announcement" of the sentence, as contemplated by RCM 1007(b), Manual for Courts–Martial, United States, 1984. 30 MJ 594, 597 (1990). In that court's view, neither the procedure employed nor the corrected sentence violated the Uniform Code of Military Justice or the Manual for Courts–Martial. In addition, the court below discounted appellant's contentions that trial counsel's conversation with the member constituted a violation of Article 37, UCMJ, 10 USC § 837 ("Unlawfully influencing action of court"), or Mil.R.Evid. 606(b), Manual, *supra* ("Inquiry into validity of findings or sentence"). *See* n. 1, *supra.*

Like the court below, our examination of the record convinces us that the court members originally voted for a dishonor-

able discharge. In addition, we acknowledge that, in general, RCM 1007(b) provides a legitimate mechanism for curing trial errors. Still, we reverse.

When Congress enacted the Uniform Code of Military Justice, only the convening authority could reassemble an adjourned court-martial for the purpose of correcting errors or omissions. *United States v. Griffith*, 27 MJ 42, 45–48 (CMA 1988). This power, however, was strictly limited in certain respects. In particular, Article 62(b), UCMJ, 10 USC § 862(b) (1950), provided:

*Where there is an apparent error or omission in the record or where the record shows improper or inconsistent action by a court-martial with respect to a finding or sentence which can be rectified without material prejudice to the substantial rights of the accused, the convening authority may return the record to the court for appropriate action. In no case, however, may the record be returned—*

\* \* \*

(3) *for increasing the severity of the sentence unless the sentence prescribed for the offense is mandatory.*

(Emphasis added.) Under the current version of the Code, the convening authority is still empowered to reconvene courts-martial to correct errors, and the same limitation applies. Art. 60(e)(2)(C).[4] The converse is not prohibited; sentences can be corrected downward.

Article 60(e)(2)(C) notwithstanding, the Government's view is that the President, through the Manual for Courts–Martial, has conferred upon military judges the power to reassemble courts-martial for the correction of errors *without* limitation. Specifically, RCM 1007(b) provides:

If the announced sentence is not the one actually determined by the court-martial, the error may be corrected by a new announcement made before the

---

**3.** A pretrial agreement reduced the sentence to "a Dishonorable Discharge, confinement for five (5) years, forfeiture of all pay and allowances, and reduction to the grade of E1" and the fine. *See* Appendix.

**4.** Article 60, Uniform Code of Military Justice, 10 USC § 860 (1983), "Action by the convening authority," provides:

(e) (1) The convening authority or other person taking action under this section, in his sole

record of trial is authenticated and forwarded to the convening authority. This action shall not constitute reconsideration of the sentence. If the court-martial has been adjourned before the error is discovered, the military judge may call the court-martial into session to correct the announcement.

We acknowledge that the Government's reading of RCM 1007(b) tracks the majority view in both federal and state jurisdictions.

It is well settled that courts possess "inherent power to correct their records, where the correction relates to mistakes, or errors, which may be termed clerical in their nature, or where it is made in order to conform the record to the truth" (*Bohlen v. Metropolitan El. Ry. Co.*, 121 N.Y. 546, 550–551, 24 N.E. 932). This power exists in criminal as well as civil cases and has been held specifically applicable to errors relating to sentence (*People ex rel. Hirschberg v. Orange County Ct.*, 271 N.Y. 151, 157, 2 N.E.2d 521).

*People v. Minaya*, 54 N.Y.2d 360, 445 N.Y. S.2d 690, 691–92, 429 N.E.2d 1161, 1162–63 (N.Y.1981). ·

Likewise, Fed.R.Crim.P. 36 provides:

Clerical mistakes in judgments, orders or other parts of the record and errors in the record arising from oversight or omission may be corrected by the court at any time and after such notice, if any, as the court orders.

Nevertheless, there are cogent reasons why, in a military environment, a different rule should apply. We believe Congress

had those reasons in mind when it crafted Article 62(b) [now Art. 60(e)(2)(C)]. These reasons transcend ordinary concerns of due process of law or double jeopardy.[5] Obviously, Congress sought to eradicate even the appearance of command influence. Art. 37(a), UCMJ, 10 USC § 837. Whenever it is possible to "correct" court-martial sentences upward after adjournment, that spectre will arise.

We believe the same concerns require the same limitations in courts-martial reassembled by military judges. After all, Congress authorized the President to prescribe rules for courts-martial only so long as they were "not ... contrary to or inconsistent with this chapter" [the Uniform Code of Military Justice]. Art. 36(a), UCMJ, 10 USC § 836(a). In our view, RCM 1007(b) is inconsistent with Article 60(e) to the extent it permits the possibility of command influence.[6]

For these reasons, we hold that, after a court-martial has announced the sentence and adjourned, the sentence cannot be increased upon reassembly, except for the reason noted in Article 60(e)(2)(C). *See* n. 4, *supra.* This rule pertains no matter how overwhelming the evidence that the announcement was erroneous. Ample opportunity exists prior to adjournment for all parties to verify the sentence. Although this rule can operate only to the detriment of the prosecution (it is the first such error we have ever heard of), it assures the integrity of the proceedings and eliminates even the remote possibility of abuse.

discretion, may order a proceeding in revision or a rehearing.

(2) A proceeding in revision may be ordered *if there is an apparent error or omission in the record* or if the record shows improper or inconsistent action by a court-martial with respect to the findings or sentence that can be rectified without material prejudice to the substantial rights of the accused. *In no case, however, may a proceeding in revision—*

    *   *   *   *   *   *

(C) *increase the severity of some article of the sentence unless the sentence prescribed for the offense is mandatory.*
(Emphasis added.)

**5.** *See United States v. DiFrancesco*, 449 U.S. 117, 101 S.Ct. 426, 66 L.Ed.2d 328 (1980). One

should note, however, that in military jurisprudence the accused commences service of his sentence on the date it is adjudged. Art. 57(b), UCMJ, 10 USC § 857(b). The general rule is that a sentence may not be increased once the defendant has begun service of his sentence. *United States v. Lundien*, 769 F.2d 981, 987 (4th Cir.1985), *cert. denied*, 474 U.S. 1064, 106 S.Ct. 815, 88 L.Ed.2d 789 (1986). *See United States v. Benz*, 282 U.S. 304, 306–07, 51 S.Ct. 113, 114, 75 L.Ed. 354 (1931).

**6.** We do not suggest that sentences cannot be corrected, even upward, on the spot. The mere utterance of the sentence does not effect some magical transformation. Ordinarily, it will be only after the hearing has terminated that a charge of collective heart-changing can arise.

The decision of the United States Army Court of Military Review is reversed as to the dishonorable discharge, and the dishonorable discharge is set aside. The decision as to the findings of guilty and the remainder of the sentence is affirmed.

Senior Judge EVERETT concurs.

## APPENDIX

---

SULLIVAN, Chief Judge (concurring):

I concur. However, I believe some additional comment is warranted. Trial counsel's routine practice of post-trial consultation with court-members should not be encouraged where these panel members, still detailed to court-martial duty, may hear additional cases. *See generally* Art. 37(a), Uniform Code of Military Justice, 10 USC § 837(a).