UNITED STATES

v.

**William P. JENNINGS, Radioman Third Class, U.S. Coast Guard.**

CGCMS 24102.
Docket No. 1043.

U.S. Coast Guard Court of Criminal Appeals.
Washington, D.C.

5 July 1996.

. LCDR Brian Judge, USCG, Trial Counsel.

LT Jon G. Beyer, USCG, Assistant Trial Counsel.

LT Edward J. Cook, JAGC, USNR, Individual Military Counsel.

LCDR Jeffrey C. Good, USCG, Substitute Defense Counsel.

LCDR Allen Lotz, USCG, Appellate Defense Counsel.

CDR Richard Yazbek, USCG, Appellate Government Counsel.

Before Panel Four, BAUM, O'HARA, and WIESE Appellate Military Judges.

BAUM, Chief Judge:

Appellant was tried by special court-martial judge alone and contrary to his pleas was convicted of one specification of unauthorized absence for three days; one specification of willful disobedience of an order of a chief warrant officer to submit to a breath test; one specification of larceny of his ship's radio pass-down log, military property of the United States; three specifications of assault and battery; and one specification of disorderly conduct, in violation of Articles 86, 90, 121, 128, and 134, Uniform Code of Military Justice (UCMJ). The judge announced a sentence of a bad conduct discharge, confinement for five months, forfeiture of $400 per month for six months, and reduction to pay grade E-1. The convening authority approved the sentence.

Before this Court, Appellant's detailed appellate defense counsel has submitted ten

assignments of error on his behalf;[1] moved for a fact finding hearing pursuant to *United States v. DuBay*, 17 U.S.C.M.A. 147, 37 C.M.R. 411 (1967), on issues of ineffective assistance of counsel and unlawful command influence; has requested oral argument on nine of the assignments of error; and has moved for permission for Appellant to appear and address the Court personally concerning his case. With respect to the motions for oral argument and Appellant's personal appearance, both are denied. As in *United States v. Leaver*, 42 M.J. 599 (C.G.Ct.Crim. App.1995), the assignments of error have been fully explicated in the briefs, and entertaining oral argument would not further assist the Court. The motion for a *DuBay* hearing is also denied in light of our disposition of the case. All documents filed with the Court by counsel that have not been accepted previously are hereby accepted for consideration with the pleadings.

## Background

The record of trial and allied papers reveal that Appellant, while assigned to USCGC Dallas as a Radioman Third Class in November 1993, was recommended for an unsuitability discharge due to a personality disorder diagnosis and an established pattern of poor performance. While action was pending on that recommendation, Appellant, for medical reasons, was temporarily assigned to the Coast Guard Support Center, Governors Island, New York, where an incident occurred on 12 February 1994, which led to the charges of disorderly conduct, assault and battery and disobedience of an order. These charges were referred to a summary court-martial, which Appellant refused, prompting the subsequent referral of charges to the instant special court-martial. Appellant rejected his initially assigned Coast Guard defense counsel and requested, instead, a Navy lawyer, who was provided as individual military counsel. Sometime during the trial, Appellant also became dissatisfied with this counsel and at its conclusion made it clear to the judge that he did not want counsel to represent him further. At this point, in a colloquy concerning counsel rights, the judge advised Appellant that his individual military counsel could assist him after trial or he could represent himself, but that Appellant did not have a right to another counsel. Appellant indicated that neither choice was satisfactory, that he did not want individual military defense counsel to represent him and he did not want to represent himself. Thereupon, the judge said:

Okay. Since for all practical purposes there are no other matters to take up

---

1. The Errors assigned by counsel, except Assignment X which has already been decided by *United States v. Ryder*, 44 M.J. 9 (1996), are as follows:

I. THE FINDINGS AND SENTENCE MUST BE SET ASIDE, AND THE CHARGES DISMISSED, BECAUSE OF THE EXCESSIVE AND PREJUDICIAL DELAY IN THE POST-TRIAL REVIEW OF THE CASE.

II. THE FINDINGS AND SENTENCE MUST BE SET ASIDE BECAUSE OF THE SERVICE OF A DISQUALIFIED PERSON AS ASSISTANT TRIAL COUNSEL.

III. THE MILITARY JUDGE ERRED BY REFUSING TO ORDER ANOTHER INQUIRY INTO APPELLANT'S CAPACITY TO STAND TRIAL IN ACCORDANCE WITH R.C.M. 706.

IV. THE MILITARY JUDGE ERRED BY ADMITTING, OVER DEFENSE OBJECTION, PROSECUTION EXHIBIT 10, A HEARSAY STATEMENT OF LISA HARRIS, THE ALLEGED VICTIM OF ASSAULTS CHARGED AS SPECIFICATIONS 1 AND 2 OF CHARGE III.

V. THE EVIDENCE IS INSUFFICIENT TO SUPPORT THE FINDING OF GUILTY OF THE SPECIFICATION OF ADDITIONAL CHARGE II, ALLEGING UNAUTHORIZED ABSENCE, BECAUSE THE GOVERNMENT FAILED TO PROVE BEYOND A REASONABLE DOUBT THAT THE DEFENSE OF INABILITY DID NOT EXIST.

VI. THE CONVENING AUTHORITY APPROVED AND ORDERED EXECUTED A SENTENCE MORE SEVERE THAN THAT ADJUDGED BY THE SENTENCING AUTHORITY AT THE COURT-MARTIAL.

VII. THE STAFF JUDGE ADVOCATE'S POST-TRIAL RECOMMENDATION IS DEFICIENT IN THAT IT FAILS TO RESPOND TO ALLEGATIONS OF LEGAL ERRORS RAISED IN DEFENSE SUBMISSIONS PURSUANT TO R.C.M. 1105, AND IT MISSTATES THE FINDING OF THE SPECIFICATION OF CHARGE IV.

VIII. APPELLANT WAS DENIED THE EFFECTIVE ASSISTANCE OF TRIAL DEFENSE COUNSEL BECAUSE OF COUNSEL CONFLICT OF INTEREST AND COUNSEL'S DEFICIENT PERFORMANCE.

IX. UNLAWFUL COMMAND INFLUENCE INFECTED THE DISPOSITION AND TRIAL OF THE ALLEGATIONS INVOLVED IN THIS CASE.

**660**

before adjournment, that is a matter that will be addressed at a future date. If you desire to request substitute counsel, I'm advising you that you should submit that request through [individual military counsel] Lieutenant Cook, and he will provide you the assistance in requesting substitute counsel. . . .

R. 299.

There is no indication in the record or in documents filed with the Court that assistance in this regard was provided by Appellant's individual military counsel. Nevertheless, approximately three and a half months later, while Appellant was serving his adjudged confinement, another counsel was detailed to represent him for post-trial matters after a handwritten letter of 12 October 1994 from Appellant was received by the convening authority. That counsel subsequently made two submissions to the convening authority in response to the staff judge advocate's R.C.M. 1106 recommendation, asserting that the staff judge advocate had inappropriately inferred that the military judge meant to award five months and seven days confinement. As a result, according to counsel, Appellant served seven more days of confinement than called for by the adjudged sentence. Counsel asked the convening authority to correct this error by disapproving the punitive discharge, as the only meaningful relief available. The convening authority considered counsel's submissions, along with documents from the Appellant asserting trial errors, prior to acting on the record, but nevertheless approved the sentence in its entirety, without indication in the record that he had received an opinion from the staff judge advocate pursuant to R.C.M. 1106(d)(4), stating whether corrective action should be taken. During this time, and before, Appellant gave indications that he wanted civilian representation, but such representation never materialized. After the action by the convening authority, the record was referred to this Court and appellate defense counsel was detailed to represent Appellant.

Several motions for enlargement of time were filed and granted to afford Appellant time to obtain civilian appellate representa-

tion. When civilian representation was not forthcoming, this Court ordered briefs to be filed. Thereafter, detailed appellate defense counsel filed a motion to permit his withdrawal from representation of Appellant and to order appointment of substitute appellate defense counsel. That motion was denied pending communication from Appellant of his desire to sever the attorney-client relationship, with reasons therefore, in order for this Court to determine whether there was good cause for the assignment of another counsel. *United States v. Jennings,* 42 M.J. 764 (C.G.Ct.Crim.App.1995). The only communication from Appellant in response to this order failed to state a desire to sever the attorney-client relationship. Accordingly, detailed appellate counsel has continued to represent Appellant and has done so in a conscientious and able manner in accordance with this Court's order by filing the previously noted ten assignments of errors and motions for a *DuBay* hearing and for oral argument. No notice of appearance of civilian counsel has ever been made.

### The Staff Judge Advocate's Failure To Respond To Counsel

■ As noted above, substitute defense counsel asserted to the convening authority that legal error was committed with respect to the sentence, requiring corrective action, and that the record does not reveal a response from the staff judge advocate, as required by R.C.M. 1106(d)(4). In his Assignment of Error VII, Appellant submits that the staff judge advocate's failure in this regard requires our return of the record for a new staff judge advocate's recommendation and convening authority's action. We agree.

In *United States v. Hill,* 27 M.J. 293, 296–97 (CMA 1988), the then Court of Military Appeals concluded that failure of the staff judge advocate to prepare a proper recommendation and response to allegations of legal error, in most instances, would be prejudicial and would require remand of the record to the convening authority, because an accused is entitled to be placed in the position he would have occupied if an error had not occurred. Most recently, the Court of Appeals for the Armed Forces in *United States v. Welker,* 44 M.J. 85 (1996), reaffirmed that earlier view, but went on to

examine the underlying matters and held that if the defense assertions do not constitute error, then no prejudicial error would be found in the staff judge advocate's failure to respond. For that reason, we have examined the contention concerning sentence, first raised with the convening authority by substitute counsel, and asserted again before us as Assignment of Error VI, to determine whether the sentence was improperly increased, to Appellant's detriment.

The facts are that the judge, in announcing the sentence, expressly stated that Appellant was "to be confined at hard labor for five months." R. 290. Later, when a question of crediting pretrial confinement was posed by assistant trial counsel, the judge indicated that he had considered such prior confinement in arriving at a sentence and that he believed the Appellant was entitled to seven days credit for that confinement. Upon being advised that the correct number of days was eight rather than seven, the judge agreed and said the following:

I announced—before I announced the sen—the sentence, I indicated that I had considered the pretrial confinement and the restriction. I did not specifically state that I had included Allen [*United States v. Allen*, 17 M.J. 126 (CMA 1984)] credit to my—within my sentence; but, I had included the Allen credit based on my belief that there were 7 days pretrial confinement. I—I do recall now, that there were 8 days pretrial confinement.

My sentence was for 5 months, bad con—5 months confinement, forfeiture of $400.00 per month for six months, reduction to E–1, and a bad conduct discharge. Because there are [sic] some—now arguable discrepancy, in whether or not, I considered 7 or 8 days, I would agree that the appropriate confinement that actually is served should be—should reflect 4 months and 29 days, after the Allen credit has—is deducted from the sentence.

R. 300.

The staff judge advocate interpreted these remarks as meaning the judge had sentenced Appellant to five months and seven days, rather than five months. Accordingly, he recommended that the convening authority

approve confinement of that duration. Undoubtedly, that is what the convening authority intended when he said in his action that "the sentence is approved," because the court-martial order, which he signed, stated that the military judge sentenced Appellant to five months and seven days confinement at hard labor. That also was the sentence reflected in the order confining the Appellant, according to substitute defense counsel, and that, in fact, was the length of confinement Appellant says he served, minus credit for good behavior and eight days pretrial incarceration under the terms of *United States v. Allen,* supra.

■ As a general rule, an announced sentence may not be reconsidered with a view toward increasing its severity, unless a mandatory sentence is involved. Article 60(e)(2)(C), UCMJ; *United States v. Justice,* 3 M.J. 451, 452 (CMA 1977). However, R.C.M. 1007 says that if the announced sentence is not the one actually determined by the court-martial, the error may be corrected by a new announcement made before the record of trial is authenticated and forwarded to the convening authority. According to that Rule, this action does not constitute reconsideration of the sentence. Nevertheless, the Court of Military Appeals has held that after a court-martial has announced the sentence and adjourned it may not increase the sentence upon reassembly under any circumstances unless the sentence prescribed for the offense is mandatory, as provided for in Article 60(e)(2)(C), UCMJ. *United States v. Jones,* 34 M.J. 270 (CMA 1992); *United States v. Baker,* 32 M.J. 290 (CMA 1991). The following footnote in *United States v. Baker,* however, leaves open the possibility that an announced sentence may be increased before adjournment:

We do not suggest that sentences cannot be corrected, even upward, on the spot. The mere utterance of the sentence does not effect some magical transformation. Ordinarily, it will be only after the hearing has terminated that a charge of collective heart-changing can arise.

32 M.J. at 293 n. 6.

Here, the staff judge advocate apparently was of the view that the judge's comments

constituted just such an on the spot upward correction of the sentence. There is a problem with this interpretation of the judge's actions, even assuming footnote 6 in *Baker* to be sufficient authority for increasing a sentence in this manner. The judge never once said that he was correcting his announced sentence of five months to one of five months and seven days. The only sentences stated by the judge were five months, initially, and four months and 29 days, later.

Granted, the judge's explanation for the latter sentence could have meant that he wanted four months and twenty nine days served after crediting for eight days of pretrial confinement pursuant to *United States v. Allen,* supra, and that he intended an adjudged sentence of five months and seven days to accomplish this goal. On the other hand, he may have meant that he had already provided Appellant with eight days credit for pretrial confinement under *United States v. Allen,* supra, and that he did not want confinement authorities to further credit Appellant with these eight days. If that was his meaning, then his sentence was four months and twenty nine days, not five months and seven days. That meaning, however, would have run counter to standard *Allen* procedure of automatic crediting by confinement authorities, as reflected in *United States v. Balboa,* 33 M.J. 304, 306–7 (CMA 1991), and, therefore, of doubtful effect, which could have accounted for the staff judge advocate's action interpreting a higher sentence. Further clarification by the judge was needed to dispel the ambiguity of intent created by his remarks accompanying the announced sentence.

 R.C.M. 1009(c)(1) authorizes such action in a session called by the judge as soon as practical after the ambiguity is discovered. Accordingly, whatever the staff judge advocate's reading of the judges' comments, he should have returned the record to the judge for clarification pursuant to R.C.M.

1009(d), rather than attempt to dispel the ambiguity of intent himself. Whether the judge may then announce a higher sentence as part of this process of clarification after adjournment, is questionable, however, if such clarification results in a higher sentence, given the language of *United States v. Jones,* supra, and *United States v. Baker,* supra. In any event, there is no authority whatsoever for a staff judge advocate to make an upward interpretation of the sentence, as was done in this case. Furthermore, the Court of Military Appeals has said:

> We do believe, where an ambiguity exists on the record as to sentence, it must be resolved in favor of the defendent.*

> * Ambiguity in sentence must be resolved in favor of the accused. Cf. *United States v. Smith,* 43 C.M.R. 660, 661 (A.C.M.R.1971); *United States v. Kaylor,* 10 U.S.C.M.A. 139, 27 C.M.R. 213 (1959). This is especially true when, as here, trial counsel—who represents the Government—is on notice of a possible ambiguity or confusion in the sentence and does not seek at the time to have it resolved.

*Gragg v. United States,* 10 M.J. 286, 288 (CMA 1981) (summary disposition).

### Conclusion

From the foregoing, it is clear to this Court that the staff judge advocate's recommendation to the convening authority was in error, as contended by counsel, and that corrective action should have been taken—even possibly counsel's suggested disapproval of the punitive discharge—in light of Appellant's having already served additional unlawful confinement. Accordingly, the staff judge advocate's failure to provide the convening authority with an opinion in this regard, as required by R.C.M. 1106(d)(4), was prejudicial error requiring remand for preparation of a suitable recommendation to the convening authority. Upon remand, the errors raised by Appellant in his handwritten submissions to the convening authority should be addressed, as well as any additional errors counsel may submit, including those that may be prompted by the remaining assignments raised before this Court. In this regard, while Assignment of Error VIII as-

serts ineffective assistance of counsel at trial, nothing has been asserted here concerning post-trial representation, notwithstanding silence in the record on what representation was afforded the Appellant between the trial and the appointment of substitute counsel, a substantial period of time, possibly in violation of the terms of *United States v. Leaver*, 36 M.J. 133 (CMA 1992).

The convening authority's action is set aside, and the record is returned for a new action in accordance with R.C.M. 1107, after the staff judge advocate submits a new recommendation in accordance with R.C.M. 1106. Upon completion of this action, the record shall be returned to this Court pursuant to *Boudreaux v. U.S. Navy–Marine Corps Court of Military Review*, 28 M.J. 181 (CMA 1989).

Judges O'HARA and WIESE concur.