# UNITED STATES AIR FORCE
# COURT OF CRIMINAL APPEALS

————————————

**No. ACM S32590**

————————————

**UNITED STATES**
*Appellee*

**v.**

**Christopher A. SWAIN**
Technical Sergeant (E-6), U.S. Air Force, *Appellant*

————————————

Appeal from the United States Air Force Trial Judiciary

Decided 15 July 2020

————————————

*Military Judge:* Jason M. Kellhofer.

*Approved sentence:* Bad-conduct discharge, confinement for 15 days, forfeiture of $1,489.00 pay per month for two months, and reduction to E-3. Sentence adjudged 13 March 2019 by SpCM convened at Seymour Johnson Air Force Base, North Carolina.

*For Appellant:* Major Rodrigo M. Caruço, USAF.

*For Appellee:* Lieutenant Colonel Brian C. Mason, USAF; Mary Ellen Payne, Esquire.

Before J. JOHNSON, KEY, and RICHARDSON, *Appellate Military Judges.*

————————————

**This is an unpublished opinion and, as such, does not serve as precedent under AFCCA Rule of Practice and Procedure 30.4.**

————————————

PER CURIAM:

This case was submitted for our review on its merits without assignment of error. During our review, we determined the announced sentence is misstated throughout the post-trial processing. We provide relief accordingly.

The military judge found Appellant guilty in accordance with his pleas and pursuant to a pretrial agreement (PTA) of one specification of wrongfully using cocaine, in violation of Article 112a, Uniform Code of Military Justice (UCMJ), 10 U.S.C. § 912a.[1] A special court-martial composed of officer members sentenced Appellant to a bad-conduct discharge, forfeiture of "$1,489 of [his] pay for two months," confinement for 60 days, and reduction to the grade of E-3. Appellant's PTA required the convening authority to approve no term of confinement in excess of 15 days if a bad-conduct discharge was adjudged. The convening authority approved "only so much of the sentence as provides for 15 days confinement, forfeiture of $1,489.00 pay *per month* for two months, reduction to the grade of E-3, and a bad conduct discharge." (Emphasis added).

On the sentence worksheet, the members marked the box and filled in the blanks in "monetary penalties" so it read, "[t]o forfeit $1,489.00 of your pay per month for 2 months." However, the announcement of the sentence regarding forfeiture was, "a forfeit of $1,489 of your pay for two months," omitting the phrase, "per month." This apparent inconsistency was not identified or resolved at trial or during post-trial processing. Every post-trial document stating the adjudged (or approved) sentence includes the phrase "pay per month" as part of the forfeitures that were announced. A sentence worksheet does not constitute announcement of the sentence. *See* Rule for Courts-Martial (R.C.M.) 1006(e).

In *United States v. Jones*, this court held that "if the duration of forfeitures is not specified in the action, their duration shall not exceed one month." 60 M.J. 964, 972 (A.F. Ct. Crim. App. 2005) (citations omitted). "This court has applied this principle from *Jones* to cases such as Appellant's in which the convening authority purported to insert the term 'per month' where the sentencing authority had omitted such language from the announced sentence." *United States v. Faughn*, No. ACM S32542, 2019 CCA LEXIS 469, at *11 (A.F. Ct. Crim. App. 26 Nov. 2019) (unpub. op.) (citing *United States v. Harkcom*, No. ACM S31904, 2012 CCA LEXIS 403, at *1–2 (A.F. Ct. Crim. App. 18 Oct. 2012) (per curiam) (unpub. op.)). "In *Harkcom*, we explained that the omission of 'per month' in the announced sentence was an omission of the duration of the forfeiture for purposes of *Jones*, such that the adjudged forfeiture could be approved for only one month." *Id.* at *11–12 (citing *Harkcom*, unpub. op. at *2). We reach a similar conclusion here.

The convening authority's addition of the words "per month" to the adjudged forfeiture resulted in a forfeiture greater than that announced by the president of the court-martial. Even if the president misspoke the sentence,

---

[1] All references in this opinion to the Uniform Code of Military Justice and Rules for Courts-Martial are to the *Manual for Courts-Martial, United States* (2016 ed.).

the convening authority does not have the authority to increase the sentence. *See* R.C.M. 1007(1), 1102(c)(3); *United States v. Baker*, 32 M.J. 290, 293 (C.M.A. 1991) (holding that "after a court-martial has announced the sentence and adjourned, the sentence cannot be increased upon reassembly. . . no matter how overwhelming the evidence that the announcement was erroneous"). In this case, the amount of the forfeiture which may be approved is $1,489.00 pay for one month only.

We affirm only so much of the sentence as provides for a bad-conduct discharge, confinement for 15 days, forfeiture of $1,489.00 pay per month for one month, and reduction to the grade of E-3. All rights, privileges, and property, of which Appellant has been deprived by virtue of the execution of forfeitures approved by the convening authority, which have not been affirmed, will be restored. *See* Article 75(a), UCMJ, 10 U.S.C. § 875(a); R.C.M. 1208(b). The approved findings and the sentence, as modified, are correct in law and fact and no error prejudicial to the substantial rights of Appellant occurred. Articles 59(a) and 66(c), UCMJ, 10 U.S.C. §§ 859(a), 866(c).[2] Accordingly, the approved findings and the sentence, as modified, are **AFFIRMED**.

FOR THE COURT

*Carol K. Joyce*

CAROL K. JOYCE
Clerk of the Court

---

[2] In her clemency letter on behalf of Appellant, trial defense counsel asked the convening authority to disapprove the bad-conduct discharge. In his own clemency letter, Appellant similarly requested disapproval. The addendum to the staff judge advocate's recommendation (SJAR) did not address the trial defense counsel's misstatement of the power of the convening authority to affect the bad-conduct discharge. *See United States v. Zegarrundo*, 77 M.J. 612 (A.F. Ct. Crim. App. 2018). We note the SJAR correctly advised the convening authority that he had no power to disapprove the "punitive discharge." *See* Article 60(c)(2)(B) and (c)(4)(A), UCMJ, 10 U.S.C. §§ 860(c)(2)(B), (c)(4)(A). We find no colorable showing of possible prejudice from the error as it misinformed the convening authority he had more, rather than less, discretion under the law. *See United States v. Lamica*, No. ACM 39423, 2019 CCA LEXIS 257, at *16 n.4 (A.F. Ct. Crim. App. 14 Jun. 2019) (unpub. op.), *rev. denied*, 79 M.J. 290 (C.A.A.F. 2019); *United States v. Ten Eyck*, No. ACM 39188, 2018 CCA LEXIS 193, at *6–8 (A.F. Ct. Crim. App. 17 Apr. 2018) (unpub. op.).