UNITED STATES, Appellee,

v.

**William W. JONES, Private First Class U.S. Marine Corps, Appellant.**

**No. 66,478.**
**NMCM 90 1516.**

U.S. Court of
Military Appeals.

Argued Dec. 3, 1991.
Decided June 17, 1992.

For Appellant: *Lieutenant James R. Crisfield, Jr., JAGC, USNR* (argued); *Lieutenant Robert E. Wallace, JAGC, USNR* (on briefs); *Lieutenant Colonel C.P. Macklin, Jr., USMCR* and *Captain Michael R. Schaller, USMC.*

For Appellee: *Lieutenant J.C. Foster, JAGC, USNR* (argued); *Colonel T.G. Hess, USMC* (on brief).

*Opinion of the Court*

COX, Judge:

This case requires us to decide if a military judge may correct a sentence after adjournment of the court-martial to add 6 months' confinement. We must also decide

if appellant's guilty pleas were provident when the military judge did not explain fully the concept of "exclusive and concurrent federal jurisdiction" in a prosecution for an offense assimilated under the Assimilative Crimes Act.

We hold that the sentence cannot be upwardly corrected after adjournment of the court-martial, even to correct clear errors in announcement of the sentence. We further hold that the military judges's inquiry was sufficient to determine that the accused knowingly and providently pled guilty to the assimilated offenses.

In a special court-martial composed of military judge alone, appellant, Private First Class William W. Jones, pleaded guilty to and was convicted of one specification each of distributing alcoholic beverages to a minor, possessing alcoholic beverages in his barracks room, and having a female in his barracks room, in violation of Article 92, Uniform Code of Military Justice, 10 USC § 892, and two specifications each of wrongfully inhaling an intoxicating substance and wrongfully delivering to minors a substance which would be intoxicating if inhaled, in violation of Article 134, UCMJ, 10 USC § 934.

The military judge sentenced appellant as follows:

To be reduced to pay grade E–1;

To forfeit $466 pay per month for a period of six months;

To be reduced to pay grade E–1;

To be discharged from the service with a bad-conduct discharge.

The court-martial then adjourned. Approximately 2 months later, the military judge held a proceeding in revision "to correct ... an erroneous announcement of sentence." *See* RCM 1007(b), Manual for Courts–Martial, United States, 1984. At that proceeding, the military judge stated that he had intended to sentence appellant to the jurisdictional limit of the forum, *including 6 months' confinement.* Supporting his position, he noted that all parties understood that confinement was a part of the sentence since: (1) he, himself, had written it on the court-martial case report; (2) trial counsel had written it on the results of trial and confinement order; (3) defense counsel believed confinement had been adjudged; and (4) appellant had been serving confinement.

We specified two issues for further review:

## I

WHETHER THE NAVY–MARINE CORPS COURT OF MILITARY REVIEW ERRED WHEN IT AFFIRMED A SENTENCE WHICH WAS INCREASED IN SEVERITY DURING A PROCEEDING IN REVISION HELD FOR THE PURPOSE OF CORRECTING THE SENTENCE AFTER THE COURT–MARTIAL HAD ADJOURNED.

In *United States v. Baker*, 32 MJ 290 (CMA 1991), we held that, after a court-martial has announced the sentence and adjourned, it may not "correct" upwardly a previously announced lawful sentence except as set forth in Article 60(e)(2)(C), UCMJ, 10 USC § 860(e)(2)(C).* Limitations are required because of the appearance of command influence when courts-martial are reassembled after adjournment to take corrective action on sentences.

 As in *Baker*, we are convinced that the error here was of a clerical nature; however, "no matter how overwhelming the evidence that the announcement was erroneous," *id.* at 293, Article 60(e)(2)(C) disallows such corrective action, to assure the integrity of the military justice system.

---

* Article 60(e), Uniform Code of Military Justice, 10 USC § 860(e), provides:

(2) A proceeding in revision may be ordered if there is an apparent error or omission in the record or if the record shows improper or inconsistent action by a court-martial with respect to the findings or sentence that can be rectified without material prejudice to the substantial rights of the accused. In no case, however, may a proceeding in revision—

\*　\*　\*　\*　\*　\*

(C) increase the severity of some article of the sentence unless the sentence prescribed for the offense is mandatory.

We hold that the portion of the decision of the court below approving confinement cannot stand. Because appellant has already served the confinement, we additionally hold that the part of the decision approving forfeitures cannot stand.

## II

WHETHER THE PROVIDENCE INQUIRY TO SPECIFICATIONS 2, 3, 5, AND 7, CHARGE II (INHALING AND DELIVERING AN INTOXICANT) ADEQUATELY REFLECT THAT APPELLANT HAD VIOLATED THE PROVISIONS OF NORTH CAROLINA GENERAL STATUTES 90–113 AS ASSIMILATED BY 18 USC § 13 AND INCORPORATED BY ARTICLE 134, UNIFORM CODE OF MILITARY JUSTICE, 10 USC § 934.

■ If an accused enters pleas of guilty, the military judge must inquire as to the facts surrounding the accused's guilty pleas and determine whether an accused is pleading guilty knowingly and voluntarily. *United States v. Care,* 18 USCMA 535, 539, 40 CMR 247, 251 (1969); *see United States v. Davenport,* 9 MJ 364 (CMA 1980). The record of trial establishes that appellant's pleas were provident because he admitted to the facts which established the charges; he believed he was guilty; and there were no inconsistencies between the facts and the pleas. *See United States v. Davenport, supra* at 366–67.

Appellant pleaded guilty to using and distributing an intoxicating substance in violation of a North Carolina statute. The North Carolina statute was assimilated by the United States Government through the Assimilative Crimes Act, 18 USC § 13. The military judge informed appellant that an element of the offenses with which appellant was charged was that "Marine Corps Air Station, New River, Jacksonville, North Carolina, is an area of exclusive federal jurisdiction." Appellant was asked whether he and his defense counsel reviewed the applicable North Carolina laws for validity, and appellant responded af

firmatively. Appellant also discussed with his counsel the exclusive federal jurisdiction at New River and whether his actions violated North Carolina law.

In *United States v. Kline,* 21 MJ 366, 367 (CMA 1986), we held that "in a prosecution based on the Assimilative Crimes Act, a plea of guilty admits the requisite element of 'exclusive or concurrent [Federal] jurisdiction' over the situs of the crime." Appellant argues, however, that the military judge failed to "state the elements of the North Carolina statute" and also failed to define "the terms 'exclusive or concurrent federal jurisdiction.' " Final Brief at 4. Based on these flaws, appellant argues that the providence inquiry does not reflect that he "knowingly, intelligently, and consciously" pleaded guilty. *United States v. Care,* 18 USCMA 535, 40 CMR 247 (1969). Final Brief at 5. We disagree.

■ Admittedly, the military judge should have explained each and every element of the charged offense to the accused in a clear and precise manner. However, his failure to do so is not reversible error if it is clear from the entire record that the accused knew the elements, admitted them freely, and pleaded guilty because he was guilty. Art. 45(a), UCMJ, 10 USC § 845(a).

The record shows that appellant discussed the jurisdictional issue with defense counsel and unconditionally pleaded guilty to the state statutes being assimilated. Thus, we conclude that appellant has admitted jurisdiction and that the military judge's inquiry was sufficient to establish appellant's guilt.

The decision of the United States Navy–Marine Corps Court of Military Review is reversed as to the portions of the sentence adjudging confinement and forfeitures. The confinement and forfeitures are set aside. All rights, privileges, and property of which appellant has been deprived by virtue of the execution of the portions of the sentence so set aside will be restored.

In all other respects, the decision below is affirmed.

Chief Judge SULLIVAN and Judges CRAWFORD and GIERKE concur.

Judge WISS and Senior Judge EVERETT did not participate.