**UNITED STATES, Appellee,**

v.

**Specialist Scotty D. DODD, United States Army, Appellant.**

**ARMY 9601488.**

U.S. Army Court of Criminal Appeals.

25 July 1997.

For Appellant: Colonel John T. Phelps II, JA; Lieutenant Colonel Michael L. Walters, JA; Major Michael E. Hatch, JA; Captain T. Michael Guiffre, JA (on brief).

For Appellee: Lieutenant Colonel Paul E. Jordan, JA USAR (on brief).

Before EDWARDS, KAPLAN, and GONZALES, Appellate Military Judges.

OPINION OF THE COURT

KAPLAN, Judge.

A special court-martial composed of officer and enlisted members convicted the appellant, contrary to his pleas, of assault with a means likely to produce death or inflict grievous bodily harm [hereinafter aggravated assault] and assault and battery in violation of Article 128, Uniform Code of Military Justice, 10 U.S.C. § 928 (1988) [hereinafter UCMJ]. The convening authority approved the ultimately adjudged sentence of a bad-conduct discharge, confinement for three months, forfeiture of $583.00 per month for three months, and reduction to Private E1.

This case is before the court for automatic review pursuant to Article 66, UCMJ. We have considered the record of trial, the appellant's three assignments of error, his contention submitted pursuant to *United States v. Grostefon,* 12 M.J. 431 (C.M.A.1982), and the government's reply thereto. We find no merit in the *Grostefon* submission. The appellant has asserted that the military judge improperly convened a proceeding in revision[1] after the court-martial had been adjourned, and permitted the president of the court-martial to "correct" the sentence[2] by adding the bad-conduct discharge. In two additional assignments of error, he contends that the military judge erred when he denied the defense motion to dismiss the assault and battery specification as being either multiplicious with, or a lesser included offense of, the aggravated assault specification. Government counsel have conceded that these assignments of error are meritorious. We agree that error was committed in the trial of appellant's case and will order necessary relief.

The appellant brutally assaulted another soldier in a bar in Mannheim, Germany, apparently because the victim was talking to the appellant's female companion of the

---

1. *See* Rule for Court–Martial 1102(b)(1) [hereinafter R.C.M.].

2. *See* R.C.M. 1007(b).

evening. Without legal justification, he struck the victim in the face with a beer glass thereby inflicting very serious injuries to the victim's right eye, nose and general facial area. Not satisfied with the mayhem he had already committed, he proceeded immediately thereafter to begin striking his helpless, bleeding victim with his fists on the victim's head and shoulders. His claim that he acted in self-defense was correctly rejected by the panel members. Based on these facts, we find that the military judge should have granted the defense motion to merge the two specifications of the charge, which occurred nearly simultaneously, into a single specification.[3] *United States v. Foster*, 40 M.J. 140 (C.M.A.1994).

We also find that the problem with the initially announced sentence arose out of miscommunication between the military judge and the president of the court-martial as to what sentence the court members had agreed upon. After examining the sentence worksheet which was annotated with the apparently agreed upon sentence of the court, the military judge placed red check marks next to the elements of the sentence imposing reduction in grade, forfeitures, and confinement, but none next to the punitive discharge. He then asked the president if his red check marks correctly identified the sentence to be announced. The president responded in the affirmative. Thereafter, the president announced the sentence omitting the punitive discharge component thereof. The sentence worksheet, Appellate Exhibit VIII in the record of trial, bears annotations in black ink, in addition to the red ink annotations made by the military judge, as follows: a check mark next to the punitive discharge component of the sentence and a circle around that component. Exercising our authority under Article 66, UCMJ, we find as fact that neither of these markings was on the sentence worksheet at the time that it was examined by the military judge prior to the initial announcement of the sentence. We find that these markings were added by the president during the brief proceeding in revision.[4]

Within two minutes of the court's adjournment, the military judge convened the proceeding in revision. He did so in response to notice from the president that the announced sentence was not the correct sentence agreed upon by the members of the court-martial. The military judge stated on the record that his actions were based on the authority of R.C.M. 1102 and R.C.M. 1007. The president then "reannounced" the sentence, this time including the punishment of a bad-conduct discharge. All court members indicated that a bad-conduct discharge was an agreed upon component of the court's sentence before its initial (erroneous) announcement.

The military judge's reliance on the applicable Rules for Courts–Martial was well-intentioned and, under most circumstances, deserving of affirmance by this court. However, our superior court has held that notwithstanding the language of the Rules for Courts–Martial, the Uniform Code of Military Justice prohibits correction of a sentence after adjournment when the correction "increases the severity of some article of the sentence unless the sentence prescribed for the offense is mandatory." Art. 60(e)(2), UCMJ. "This rule pertains no matter how overwhelming the evidence that the announcement was erroneous." *United States v. Baker*, 32 M.J. 290, 293 (C.M.A.1991). In *United States v. Jones*, 34 M.J. 270 (C.M.A. 1992), the Court of Military Appeals (now the Court of Appeals for the Armed Forces) reemphasized that, "the sentence cannot be upwardly corrected after adjournment of the court-martial, even to correct clear errors in announcement of the sentence." *Jones* at 271.

---

3. The military judge did instruct the panel members that they were to consider the two specifications as one offense in arriving at an appropriate sentence.

4. We note that the military judge instructed the president to "line out" the non-applicable language on the sentence worksheet. Had the military judge required the president to comply with this instruction, rather than trying to clarify the sentence himself with his red check marks, this issue would never have arisen. We commend to trial judges the practice of enforcing the requirement that the president mark out all inapplicable language on the findings and sentence worksheets.

*Stare decisis* [5] requires us to apply this law even in a case such as this where we find that: (1) there is no question that the members voted to impose a bad-conduct discharge, (2) such a punishment is clearly appropriate for the heinous offense committed, and (3) no possibility exists (because of the extremely brief passage of time between adjournment and the convening of the proceeding in revision) of unlawful command influence. rearing its ugly head. The *Baker* and *Jones* cases establish a "bright-line" rule prohibiting upward correction of a sentence after adjournment (unless the increased punishment is mandatory); such bright-line rules have many benefits, not the least of which is ease of application. In rare instances, such as we find pertain in the instant case, application of a bright-line rule enables the appellant to reap a windfall, in the form of an extremely lenient sentence. Nevertheless, the law demands such a result.

Accordingly, based on the errors noted, Specification 1 of the Charge is amended by adding after the word "glass," the words, "and in the face with his fist." The finding of guilty of Specification 2 of the Charge is set aside and that specification is dismissed. Specification 1 of the Charge is redesignated as the Specification. The findings of guilty of the Charge and its Specification, as amended, are affirmed. Only so much of the sentence as provides for confinement for three months, forfeiture of $583.00 [pay] per month for three months, and reduction to Private E1, is affirmed.

Senior Judge EDWARDS and Judge GONZALES concur.

---

5. Latin, meaning to abide by, or adhere to, decided cases. *Black's Law Dictionary* 1261 (5th ed.1979).