# UNITED STATES ARMY COURT OF CRIMINAL APPEALS

Before
COOK, GALLAGHER, and HAIGHT
Appellate Military Judges

**UNITED STATES, Appellee**
**v.**
**Sergeant MARTIN R. DURAN, JR.**
**United States Army, Appellant**

ARMY 20120049

Headquarters, Fort Riley
Jeffery R. Nance, Military Judge
Lieutenant Colonel Daniel G. Brookhart, Staff Judge Advocate

For Appellant: Major Jacob D. Bashore, JA; Captain Ian M. Guy, JA (on brief).

For Appellee: Lieutenant Colonel Amber J. Roach, JA; Major Katherine S. Gowel, JA; Captain T. Campbell Warner, JA (on brief).

8 March 2013

--------------------------------
SUMMARY DISPOSITION
--------------------------------

Per Curiam:

A military judge sitting as a special court-martial convicted appellant, pursuant to his pleas, of one specification of failing to report to his appointed place of duty, one specification of failing to obey a lawful order, one specification of wrongfully distributing a controlled substance, and three specifications of wrongfully using a controlled substance, in violation of Articles 86, 92, and 112a, Uniform Code of Military Justice, 10 U.S.C. §§ 886, 892, 912a (2006) [hereinafter UCMJ]. The military judge sentenced appellant to a bad-conduct discharge, confinement for thirty days, and reduction to the grade of E-1. The convening authority approved the adjudged sentence.

In a footnote to his submission, appellant argues this court should disapprove the finding of guilty of the Specification of Additional Charge III and Additional Charge III because the military judge failed to explain the elements of the charged offense, a violation of Article 92, UCMJ. Instead, the military judge listed the elements of Article 91, UCMJ, disobeying an order from a noncommissioned officer. The government, in a footnote to its submission to this court, concedes the military

judge, during the providence inquiry, listed the elements for Article 91, UCMJ, but argues such an error does not require reversal of Additional Charge III and its Specification.

For this Court to find a plea of guilty to be knowing and voluntary, the record of trial "must reflect" that the elements of "each offense charged have been explained to the accused" by the military judge. *United States v. Care*, 18 U.S.C.M.A. 535, 541, 40 C.M.R. 247 (1969). If the military judge fails to do so, he commits reversible error, unless "it is clear from the entire record that the accused knew the elements, admitted them freely, and pleaded guilty because he was guilty." *United States v. Redlinski*, 58 M.J. 117, 119 (C.A.A.F. 2003) (quoting *United States v. Jones,* 34 M.J. 270, 272 (C.M.A. 1992)). Rather than focusing on a technical listing of the elements of an offense, this court looks at the context of the entire record to determine whether an accused is aware of the elements, either explicitly or inferentially. *Jones*, 34 M.J. at 272; *United States v. Pretlow*, 13 M.J. 85, 88 (C.M.A.1982); *United States v. Kilgore*, 21 U.S.C.M.A. 35, 44 C.M.R. 89 (1971). In considering the adequacy of appellant's guilty plea, we are charged with reviewing the entire record and "will not overturn the acceptance of a guilty plea unless there is a 'substantial basis in law and fact for' doing so." *United States v. Barton*, 60 M.J. 62, 64 (C.A.A.F. 2004) (quoting *United States v. Prater*, 32 M.J. 433, 436 (C.M.A. 1991).

In reviewing the entire record, it is clear the military judge explained the elements of an Article 92, UCMJ, offense. In explaining the elements of an Article 91, UCMJ, violation, the military judge merely added additional elements to appellant's charged violation of Article 92, UCMJ. This eventuality is expected because failure to obey a lawful order is a lesser-included offense of disobeying a noncommissioned officer. *See United States v. Jones*, 68 M.J. 465 (C.A.A.F. 2010); *United States v. Rauscher*, 71 M.J. 225 (C.A.A.F. 2012); *United States v. Alston*, 69 M.J. 214 (C.A.A.F. 2010). Consequently, it is clear appellant understood the elements of the charged offense and the military judge ensured an adequate factual predicate was established to support appellant's plea of guilty to Additional Charge III and its specification.

Other than alleging the military judge failed to correctly advise appellant of an Article 92, UCMJ, violation, a proposition we have rejected, appellant does not otherwise allege error. We ultimately find there is not a substantial basis in law and fact to question appellant's plea of guilty to an Article 92, UCMJ, violation in Additional Charge III and its specification. *See Prater*, 32 M.J. at 436.

## CONCLUSION

On consideration of the entire record and the submissions of the parties, we hold the findings of guilty and the sentence, as approved by the convening authority

DURAN—ARMY 20120049

are correct in law and fact. Accordingly, the findings of guilty and sentence are AFFIRMED.

FOR THE COURT:

MALCOLM H. SQUIRES, JR.
Clerk of Court