# UNITED STATES ARMY COURT OF CRIMINAL APPEALS

Before
COOK, CAMPANELLA, and HAIGHT
Appellate Military Judges

**UNITED STATES, Appellee**
**v.**
**Private E1 BRIAN E. KOCH**
**United States Army, Appellant**

ARMY 20110922

Headquarters, III Corps and Fort Hood
Patricia H. Lewis, Military Judge
Colonel Stuart W. Risch, Staff Judge Advocate

For Appellant:  Major Jacob D. Bashore, JA; Captain Kevin F. Sweeney, JA (on brief).

For Appellee:  Colonel John P. Carrell, JA;  Major Elisabeth A. Claus, JA; Major Robert A. Rodrigues, JA; Captain Benjamin W. Hogan, JA (on brief).

23 December 2013

----------------------------------
MEMORANDUM OPINION
----------------------------------

*This opinion is issued as an unpublished opinion and, as such, does not serve as precedent.*

Senior Judge COOK:

A military judge sitting as a general court-martial convicted appellant, pursuant to his pleas, of one specification of desertion, two specifications of absence without leave, one specification of breaking arrest, one specification of larceny, three specifications of forgery and two specifications of uttering checks without sufficient funds, in violation of Articles 85, 86, 95, 121, 123 and 123a, Uniform Code of Military Justice [hereinafter UCMJ], 10 U.S.C. §§ 885, 886, 895, 921, 923 and 923a (2006).  The military judge sentenced appellant to a dishonorable discharge, two years of confinement, total forfeiture of pay and allowances, and reduction to E-1.  The convening authority, pursuant to a pretrial agreement,

approved only 18 months of confinement but otherwise approved the adjudged sentence.[1]

This case is before us pursuant to Article 66, UCMJ. Appellant raises three assignments of error. Two merit discussion and one merits relief.

## BACKGROUND

*Article 123, UCMJ Forgery Charge*

In October and November of 2010 and in March of 2011, appellant forged a series of checks by falsely signing the names of various people on multiple checks and then offering these checks with the intent to defraud. These offenses are the basis for Charge I's three specifications of Article 123, UCMJ, forgery, specifically "forgery by uttering," one of two possible offenses under Article 123, UCMJ (the other being "forgery by making or altering").

During the providence inquiry for the first two specifications of Charge I, the military judge mistakenly listed the three elements associated with a forgery by making or altering offense, instead of the five elements associated with the charged offense of forgery by uttering. As a result, she failed to initially apprise the appellant of two elements: that the appellant offered the checks and that at the time the appellant offered the checks he knew the checks were falsely made. While listing the elements for Specification 3 of Charge I, the military judge covered the five elements for a forgery by uttering offense, albeit awkwardly and out of order.

During the colloquy with the military judge, despite the judge's omission, the appellant covered all five elements of each of the three specifications as charged, admitting that he was guilty of each element. In addition, in the stipulation of fact agreed to by the appellant and entered into evidence, the appellant admitted that he was guilty of each of the five elements.

*Article 95, UCMJ Breaking Arrest Charge*

On 22 April 2011, appellant, while in a deserter status, was apprehended by local law enforcement officials in Princeton, Illinois. On 2 May 2011, the Princeton police turned appellant over to Fort Leonard Wood Military Police who, in an effort to facilitate appellant's return to his Fort Hood unit, promptly placed appellant on a plane in St. Louis, with a final destination of Killeen, Texas. The appellant's flight was not a direct one, however, and included a connecting flight through Dallas,

---

[1] Appellant was credited with 173 days of credit against his sentence to confinement. We also note that at the time of his court-martial, appellant already held the rank of E-1.

Texas. Rather than board his connecting flight, appellant deliberately missed this flight and spent the weekend in Dallas. He then turned himself into a local recruiting station the following Monday. This two-day frolic and detour formed the basis for the Article 95, UCMJ breaking arrest charge.

During the providence inquiry, the military judge listed the following elements for the Article 95, UCMJ offense:

> That you were placed in arrest in Princeton, Illinois,
> by an individual authorized to order you into arrest; and
> That you went beyond the limits of your arrest before
> being released from that proper authority; and
> That this occurred at or near Dallas, Texas, on or
> about 30 April 2010, when you did break arrest.

The military judge defined "arrest" and further advised appellant that he could not be convicted of breaking arrest unless the person who placed him in arrest was authorized to order him into arrest.

Appellant specifically stated during the colloquy with the military judge that the "person" who was authorized to place him under arrest and who actually placed him under arrest was the Princeton Police. Government counsel later offered an alternative theory, arguing that appellant had been placed under arrest by the Fort Leonard Wood Military Police and had broken arrest by not boarding the flight to Killeen. However, the military judge did not inquire into how the Princeton Police Department or the Fort Leonard Wood Military Police qualified as a person authorized to order the accused into arrest.

## LAW AND DISCUSSION

*Sufficiency of Providence Inquiry Concerning Forgery by Uttering*

To find a guilty plea to be knowing and voluntary, "the record of trial 'must reflect' that the elements of 'each offense charged have been explained to the accused' by the military judge." *United States vs. Redlinski*, 58 M.J. 117, 119 (C.A.A.F. 2003) (citing *United States v. Care*, 18 C.M.A. 535, 541, 40 C.M.R. 247 (1969)). A military judge's failure to explain the relevant elements is reversible error, unless "it is clear from the entire record that the accused knew the elements, admitted them freely, and pleaded guilty because he was guilty." *Id.* (quoting *United States v. Jones,* 34 M.J. 270, 272 (C.M.A. 1992)). However, instead of merely focusing on a military judge's mechanical listing of offense elements, we review the "entire record to determine whether an accused is aware of the elements, either explicitly or inferentially." *Id.* (citing *Jones*, 34 M.J. at 272) (additional internal citations omitted.)

3

The five elements of forgery through uttering are:

(1)  That a certain signature or writing was falsely made or altered;
(2)  That the signature or writing was of a nature which would, if genuine, apparently impose a legal liability on another or change another's legal rights or liabilities to that person's prejudice;
(3)  That the accused uttered, offered, issued or transferred the signature or writing;
(4)  That at such time the accused knew that the signature or writing had been falsely made or altered; and
(5)  That the uttering, offering, issuing or transferring was with the intent to defraud.

*Manual for Courts-Martial*, United States (2012 ed.) [hereinafter *MCM*], pt. IV, ¶ 48.b.2

The military judge failed to cover the fourth and fifth elements when she discussed Specifications 1 and 2 of Charge I.  She inartfully covered all five elements of the third specification of this charge.  However, based on our review of the entire record, it is clear the appellant was aware of the requisite elements and admitted them freely.

First, the stipulation of fact not only covers the five elements for all three specifications but contains an explanation concerning appellant's misconduct for each offense.  A review of this stipulation gives us confidence that appellant was aware of the requisite elements, admitted them freely, and pleaded guilty because he was guilty.  *See Redlinski,* 58 M.J. at 119.

Second, when discussing each offense during the providence inquiry, notwithstanding the judge's omission, the appellant included each element in his explanation of what he had done and why he was guilty of each specification. Despite the military judge's initial error in either not listing the proper elements or doing so in a confusing manner, the appellant exhibited no confusion in personally covering each of the elements, admitting them freely, and entering a guilty plea because he was guilty.

Based on the above, coupled with our review of the entire record, we conclude appellant's plea of guilty to forgery through uttering was provident.

*Sufficiency of Providence Inquiry Concerning Breaking Arrest*

Although the military judge correctly listed the relevant elements of a breaking arrest offense[2], a review of the entire record does not establish a sufficient factual basis to find appellant's guilty plea provident. As raised by appellant's counsel (and conceded by the government), the military judge abused her discretion[3] in accepting appellant's guilty plea without eliciting an adequate factual basis concerning whether the individual who ordered appellant into arrest was authorized to do so.

As the government posits in its brief, the military judge likely confused the concept of "apprehension"[4] with "arrest" when she conducted the providence inquiry for this offense. For Article 95, UCMJ purposes, an enlisted person, such as the appellant, may only be ordered into pretrial arrest by a commissioned officer, or a warrant, noncommissioned, or petty officer when authorized to do so by a commanding officer with authority over the arrestee. R.C.M. 304(b)(2) and (3). This definition does not include a civilian entity such as the Princeton, Illinois Police Department, whom the appellant specifically identified as the arresting authority.

When government counsel later argued the Fort Leonard Wood Military Police had ordered the appellant into arrest, the military judge failed to inquire into whether this entity had been authorized by appellant's commanding officer to order appellant into pretrial arrest. The military judge therefore abused her discretion in accepting appellant's guilty plea to Charge VI and its specification, and we will take appropriate action in our decretal paragraph.

## CONCLUSION

On consideration of the entire record, the findings of guilty of Charge VI and its Specification, breaking arrest, are set aside and dismissed. We AFFIRM the remaining findings of guilty.

---

[2] (1) That a certain person ordered the accused into arrest; (2) That said person was authorized to order the accused into arrest; and (3) That the accused went beyond the limits of arrest before being released from that arrest by proper authority. *MCM*], pt. IV, ¶ 19.b.3

[3] A military judge's acceptance of a guilty plea is reviewed for an abuse of discretion. *U.S. v. Inabinette*, 66 M.J. 320, 322 (C.A.A.F. 2008).

[4] "Any civilian officer having authority to *apprehend* offenders under laws of the United States …" is authorized to *apprehend* a deserter from the armed forces. Rules for Courts-Martial [hereinafter R.C.M.] 302 (b)(3) (emphasis added); Article 8, UCMJ. *See also United States v. Khamsouk*, 57 M.J. 282, 287 n.6 (C.A.A.F. 2002).

KOCH—ARMY 20110922

We are able to reassess the sentence on the basis of the error noted, and do so after conducting a thorough analysis of the totality of circumstances presented by appellant's case and in accordance with the principles articulated in *United States v. Winckelmann*, ___ M.J. ___, slip. op. at 12-13 (C.A.A.F. 18 Dec. 2013) and *United States v. Sales*, 22 M.J. 305 (C.M.A. 1986).

In evaluating the *Winckelmann* factors, we first find no dramatic change in the penalty landscape or exposure which might cause us pause in reassessing appellant's sentence. Second, appellant pleaded guilty in a judge alone court-martial. Third, we find the nature of the remaining offenses captures the gravamen of the original charges and the significant circumstances surrounding appellant's conduct remains admissible and relevant to the remaining offenses. Finally, based on our experience, we are familiar with the remaining offenses so that we may reliably determine what sentence would have been imposed at trial.

Having concluded we can reassess appellant's sentence, pursuant to our analysis, we AFFIRM the sentence as approved by the convening authority. We find this affirmed sentence has purged the error and is also appropriate. All rights, privileges and property, of which appellant has been deprived by virtue of that portion of the findings set aside by this decision, are hereby ordered restored.

Judge CAMPANELLA and Judge HAIGHT concur.

FOR THE COURT:

ANTHONY O. POTTINGER
Chief Deputy Clerk of Court

6