# UNITED STATES ARMY COURT OF CRIMINAL APPEALS

Before
LIND, KRAUSS, and BORGERDING
Appellate Military Judges

**UNITED STATES, Appellee**
**v.**
**Private (E1) CHARDELL N. OWENS**
**United States Army, Appellant**

ARMY 20121071

Headquarters, 1st Cavalry Division, Fort Hood
Patricia H. Lewis, Military Judge
Lieutenant Colonel R. Tideman Penland, Jr., Staff Judge Advocate

For Appellant: Colonel Kevin Boyle, JA; Major Vincent T. Shuler, JA; Captain Patrick R. Crocker, JA (on brief).

For Appellee: Colonel John P. Carrell, JA; Lieutenant Colonel James L. Varley, JA; Major Robert A. Rodrigues, JA; Captain Carl L. Moore, JA (on brief).

30 May 2014

----------------------------------
MEMORANDUM OPINION
----------------------------------

*This opinion is issued as an unpublished opinion and, as such, does not serve as precedent.*

LIND, Senior Judge:

A military judge sitting as a general court-martial convicted appellant, pursuant to her pleas, of conspiracy to commit larceny of military property of a value of about $5,506.67; larceny of military property of a value of about $4,800; forgery by offer (three specifications); and using a false writing in connection with a claim against the United States, in violation of Articles 81, 121, 123, and 132, Uniform Code of Military Justice, 10 U.S.C. §§ 881, 921, 923, 932 (2006) [hereinafter UCMJ]. The military judge sentenced appellant to a bad-conduct discharge, confinement for thirty days, ninety days of hard labor without confinement, and reduction to the grade of E-1. The convening authority approved the adjudged sentence.

This case is before the court for review under Article 66, UCMJ. Appellant assigns one error arguing for the first time on appeal that the specification of

Charge III (using a false writing in connection with a claim) is an unreasonable multiplication of charges with Specification 2 of Charge IV (forgery by offering a false writing).

Under the facts of this case, we find that appellant's pretrial agreement to "waive all motions . . .," coupled with the defense counsel's agreement with the military judge during the providence inquiry that the two specifications "do not arise out of the same act," waived appellant's claims of unreasonable multiplication of charges and extinguished her right to raise these issues on appeal. *See United States v. Gladue*, 67 M.J. 311 (C.A.A.F. 2009).[1]

Although not raised by appellant, we find a substantial basis in law and fact to question appellant's plea of guilty to conspiring with Sergeant (SGT) KO to commit larceny of military property "of a value of about $5,506.67" in the Specification of Charge II. We will take appropriate action in our decretal paragraph. Finally, we note that when instructing appellant on the elements of the Specification of Charge III (using a false writing in connection with a claim in violation of Article 132(2)), the military judge erred by instructing appellant on the elements of making a false claim in violation of Article 132(1). This error merits discussion, but no relief.

## FACTS

On or about 7 January 2011, appellant submitted two packets of documents to the Defense Military Pay Office (DMPO) at Fort Hood, Texas, so that she and her husband, SGT KO, would receive Foreign Language Proficiency Pay (FLPP). Appellant's intent was for one packet to start monthly FLPP for SGT KO and the other package to start monthly FLPP for herself. However, appellant and SGT KO

---

[1] Even if we were to consider appellant's assertion that the Specification of Charge III was unreasonably multiplied with Specification II of Charge IV, we would nonetheless find no unreasonable multiplication of charges for either findings or sentencing. Appellant used Orders #3-002, which she knew contained a statement that falsely represented she passed the Defense Language Proficiency test for Arabic with a Score of 3/3, in connection with a claim against the United States. Appellant also offered Orders #3-002, which she knew contained the forged signature of COL SE, to the DMPO. The government charged the false factual representation in Orders #3-002 as a writing used in connection with a claim in the Specification of Charge III (Article 132(2)(a), UCMJ), and the use of the forged signature in Orders #3-002 as a forgery by offer (Article 123(2), UCMJ) in Specification 2 of Charge IV. These specifications are aimed at distinctly separate acts and do not unreasonably exaggerate appellant's criminality. *See United States v. Quiroz*, 55 M.J. 334, 338-39 (C.A.A.F. 2001).

were not entitled to FLPP because neither of them had even taken the Modern Arabic language proficiency test, which two of the enclosed documents stated they had taken.

The packet for SGT KO included Orders #3-001, Award of Foreign Language Proficiency Bonus (FLPB), to SGT KO. The signature of Colonel (COL) SE was forged on the orders. Appellant forged COL SE's signature herself. These forged orders started the payment of monthly FLPP for SGT KO. The packet for appellant also included forged Orders #3-002, Award of FLPB, to appellant. These orders also contained the forged signature of COL SE, which appellant admitted she forged. These forged orders started the payment of monthly FLPP for appellant.[2]

The submission of forged Orders #3-001 and #3-002 were the basis for Specifications 1 and 2 of Charge IV (forgery by offer).[3] In addition to the forged signature, Orders #3-002 also contained a false statement that appellant passed the Defense Language Proficiency Test for Arabic with a Score of 3/3 on 16 November 2010. This false statement formed the basis for the Specification of Charge III (using a false writing in connection with claims). The monies appellant received from the FLPP formed the basis of the larceny of military property of a value of about $4,800 (the Specification of Charge I). The monies SGT KO received from the FLPP formed the basis of the conspiracy to commit larceny of military property of a value of about $5,506.67 (the Specification of Charge II).

---

[2] Both packets also included: (1) a Department of the Army Form (DA Form) 4187, which contained the forged signature of CPT KC and requested to "START FLPP ORDERS" for appellant and SGT KO respectively, and (2) a photocopy of a DA Form 330, which falsely purported that appellant and SGT KO respectively tested in Modern Arabic at the Education Services Division in Fort Hood, Texas. Appellant was not charged with any offenses based on forged signatures or false statements in the DA Form 4187s or DA Form 330s.

[3] On or about 3 November 2011, appellant filed another false and forged document packet at the Fort Hood DMPO to again start monthly FLPP for SGT KO. The packet included Orders #305-001, which awarded the FLPB to SGT KO. This forged order was the basis for Specification 3 of Charge IV. The packet also included: (1) a DA Form 4187, which contained the forged signature of CPT AL and stated "REQUEST ORDRS [sic] FOR MODERN STANDARD ARABIC" for SGT KO, and (2) a DA Form 330, which falsely purported that SGT KO tested in Modern Arabic at the Education Services Division in Fort Hood, Texas.

## LAW AND ANALYSIS

We review a military judge's decision to accept a guilty plea for an abuse of discretion. *United States v. Inabinette*, 66 M.J. 320, 322 (C.A.A.F. 2008). A guilty plea will only be set aside if we find a substantial basis in law or fact to question the plea. *Id.* (citing *United States v. Prater*, 32 M.J. 433, 436 (C.M.A. 1991)). The court applies this "substantial basis" test by determining whether the record raises a substantial question about the factual basis of appellant's guilty plea or the law underpinning the plea. *Id.*; *see also* UCMJ art. 45; Rule for Courts-Martial [hereinafter R.C.M.] 910(e); *United States v. Weeks*, 71 M.J. 44, 46 (C.A.A.F. 2012) ("It is an abuse of discretion for a military judge to accept a guilty plea without an adequate factual basis to support it . . . [or] if the ruling is based on an erroneous view of the law.").

### *The Specification of Charge II (Conspiracy)*

As noted above, the larceny offense in the Specification of Charge I involved the $4,800.00 of FLPP appellant received, while the conspiracy to commit larceny in the Specification of Charge II involved the $5,506.67 of FLPP SGT KO received. The military judge failed to address a number of ambiguities between the stipulation of fact and the providence inquiry regarding the amount of money appellant and SGT KO conspired to steal in the specification of Charge II.

During the providence inquiry, the military judge instructed appellant on the elements of larceny for the Specification of Charge I. The value of the larceny for the Specification of Charge I was $4,800.00. Both the providence inquiry and the stipulation of fact indicate that the larceny of $4,800.00 in the specification pertained to the FLPP wrongfully obtained only *by appellant*.

The military judge then incorporated this instruction of larceny—to include the value of $4,800.00—when instructing on the elements of conspiracy for the Specification of Charge II despite the fact that the Specification of Charge II actually charged a value of about $5,506.67. Both the stipulation of fact and the providence inquiry indicate that the charged conspiracy involved the false and forged orders regarding entitlement to and the FLPP wrongfully obtained *by SGT KO*. The stipulation of fact states that appellant and SGT KO conspired to commit larceny of a value in excess of $500.00, and that the value of the funds wrongfully obtained by SGT KO between on or about 7 January 2011 and on or about 1 January 2012 was $5,506.67. However, in the providence inquiry, appellant stated that she and SGT KO each only wrongfully obtained $4,800 as a result of the false and forged orders. Appellant also stated during the providence inquiry that FLPP was $400.00 per month; the stipulation is silent about the amount per month of FLPP appellant and SGT KO would receive. The military judge never resolved these inconsistencies in value. We further note that given the nature of the ongoing

4

wrongful receipt of FLPP, appellant admitted to no facts that evidenced her intent to steal precisely $5,506.67 when she entered into the agreement with SGT KO. Rather, the record is clear that appellant and SGT KO conspired to commit larceny of military property of a value of more than $500.00,[4] and that appellant knew the elements, admitted them freely, and pleaded guilty because she was guilty. We will take corrective action in our decretal paragraph.

*The Specification of Charge III*
*(Using a False Writing in Connection with a Claim)*

"For this Court to find a plea of guilty to be knowing and voluntary, the record of trial must reflect that the elements of each offense charged have been explained to the accused by the military judge." *United States v. Schell*, 72 M.J. 339, 345 (C.A.A.F. 2013) (quoting *United States v. Redlinski*, 58 M.J. 117, 119 (C.A.A.F. 2003) (internal quotations omitted); *see also United States v. Care*, 18 U.S.C.M.A. 535, 541, 40 C.M.R. 247, 253 (1969); UCMJ art. 45; R.C.M. 910(c)(1). "[A]n accused has a right to know to what offense and under what legal theory he or she is pleading guilty." *United States v. Medina*, 66 M.J. 21, 26 (C.A.A.F. 2008). "The providence of a plea is based not only on the accused's understanding and recitation of the factual history of the crime, but also on an understanding of how the law relates to those facts." *Id.* (citing *Care*, 18 U.S.C.M.A. at 538-39, 40 C.M.R. at 250-51). "An essential aspect of informing [a]ppellant of the nature of the offense is a correct definition of legal concepts." *United States v. Negron*, 60 M.J. 136, 141 (C.A.A.F. 2004). "If the military judge fails to explain the elements to an accused, it is reversible error unless 'it is clear from the entire record that the accused knew the elements, admitted them freely, and pleaded guilty because he was guilty.'" *Schell*, 72 M.J. at 345 (quoting *United States v. Jones*, 34 M.J. 270, 272 (C.M.A. 1992)).

Although appellant was charged with a violation of Article 132(2)(a), UCMJ (using a false writing in connection with a claim) in the Specification of Charge III, the military judge erroneously instructed appellant on the elements of Article

---

[4] *See generally United States v. Hines*, 73 M.J. 119 (C.A.A.F. 2014) (holding that larceny and wrongful appropriation of Basic Allowance for Housing pay over several months was properly aggregated because "the formulation of a plan or scheme or the setting up of a mechanism which, when put into operation, will result in the taking or diversion of sums of money on a recurring basis, will produce but one crime.") (citation omitted).

132(1)(a), UCMJ (making a false claim). The parties made no effort to correct the military judge.[5]

The two sections of Article 132, UCMJ, set forth distinctly different crimes. *United States v. Chatman*, ARMY 20010163, 2003 WL 25945959, at *1 (Army Ct. Crim. App. 13 Jun. 2003) (mem. op.) (citing *United States v. Burlarley*, 10 C.M.R. 582, 587 (C.G.B.R. 1953)). "Article 132(1) of the Code . . . denounces the making or presentment of 'false and fraudulent' claims—which terms are essentially indistinguishable. Article 132(2), however, proscribes various improper means which conceivably may be utilized in obtaining approval, allowance, or payment of claims." *Id.* (quoting *United States v. Lawrence*, 3 U.S.C.M.A. 628, 633-34, 14 C.M.R. 46, 51-52 (1954)).

The military judge instructed appellant as to the three elements of making a false claim: (1) that appellant "made a certain claim against the United States" and that the claim was made by "submitting a certain writing, to wit: [she] submitted orders, Number 3-002; Award of Foreign Language Proficiency Bonus, which was dated 3 January 2011"; (2) that the claim "was false, in that, it contained a statement that [appellant] passed the Defense Language Proficiency Test for Arabic with a score of 3/3 on 16 November and [sic] 2010"; and (3) that "at the time [appellant] made this claim, [she] knew it to be false." *See Manual for Courts-Martial, United States* (2008 ed.) [hereinafter *MCM*], pt. IV, ¶ 58.b(1). The military judge defined "claim" as "a demand for a transfer of ownership or [sic] money or property." The military judge also defined "false or fraudulent," which she explained "means to be intentionally deceitful . . . it refers to untrue representations of a material or important fact made with the knowledge of its untruthfulness and with intent to defraud another." Finally, the judge defined "material" for appellant: "[t]he test of whether a fact is material is whether it is capable of influencing the appropriate authority to pay the claim."

Using a false writing in connection with a claim, as charged in the Specification of Charge III, has the following five elements: (1) that appellant used a certain writing, namely Orders #3-002, Award of FLPB, dated 3 January 2011; (2) this writing contained a certain material statement that appellant passed the Defense Language Proficiency Test for Arabic with a score of 3/3 on 16 November 2010; (3) this statement was false; (4) at the time appellant used the writing, she knew it contained this material statement and knew it was false; and (5) the using of the writing was for the purpose of obtaining the payment of a claim against the United States. *See MCM*, pt. IV, ¶ 58.b(3).

---

[5] We remind counsel to be vigilant during a guilty plea when the military judge reads the instructions and goes over the providence inquiry with the accused.

We find it is clear from the entire record that appellant knew the elements of the Specification of Charge III, admitted them freely, and pleaded guilty to that Specification because she was guilty of that offense. Article 132, UCMJ, is not a complex, inchoate offense. *See Schell*, 72 M.J. at 345 (citing *Redlinski*, 58 M.J. at 119). Although the military judge did not list the correct elements to appellant, paragraph 17 of the stipulation of fact sets forth the elements of using a false writing in connection with a claim as pled in the Specification of Charge III, and appellant admitted her guilt to each of these elements in the stipulation. Further, the elements and definitions the military judge did provide to appellant, and the ensuing providence inquiry, established all five elements of using a false writing in connection with a claim as charged in this case, including the fact that appellant submitted Orders #3-002 containing the false statement to the DMPO for the purpose of collecting FLPP. As such, we conclude there is no substantial basis in law and fact to question appellant's guilty plea to the Specification of Charge III.

## CONCLUSION

We affirm only so much of Charge II and its specification as provides:

> In that Specialist (SPC) Chardell N. Owens, also known as Chardell N. Patterson, U.S. Army, did, at or near Fort Hood, Texas, on or about 07 January 2011, conspire with Army Sergeant (SGT) KO to commit an offense under the Uniform Code of Military Justice, to wit: larceny of money, military property, of a value over $500.00, the property of the United States Army, and in order to effect the object of the conspiracy, the accused did submit false and forged documents to the Fort Hood Defense Military Pay Office which resulted in SGT KO receiving money, military property, to which he was not entitled.

The remaining findings of guilty are AFFIRMED.

Reassessing the sentence on the basis of the errors noted, the entire record, and applying the principles of *United States v. Sales*, 22 M.J. 305, 308 (C.M.A. 1986) and the factors set forth in *United States v. Winckelmann*, 73 M.J. 11, 15-16 (C.A.A.F. 2013), we are confident the military judge would have adjudged the same sentence absent the error noted. The sentence is AFFIRMED. All rights, privileges, and property, of which appellant has been deprived by virtue of that portion of the findings set aside by this decision, are ordered restored.

Judge KRAUSS and Judge BORGERDING concur.

7



FOR THE COURT:

MALCOLM H. SQUIRES, JR.
Clerk of Court