# UNITED STATES ARMY COURT OF CRIMINAL APPEALS

Before
HAIGHT, PENLAND, and WOLFE
Appellate Military Judges

**UNITED STATES, Appellee**
v.
**Staff Sergeant TRAVIS R. McGRUDER**
**United States Army, Appellant**

ARMY 20130294

Headquarters, United States Army Maneuver Center of Excellence
Stephen E. Castlen, Military Judge
Colonel James F. Garrett, Staff Judge Advocate (pretrial)
Lieutenant Colonel Charles C. Poche, Staff Judge Advocate (post-trial)

For Appellant:  Colonel Kevin Boyle, JA; Lieutenant Colonel Peter Kageleiry, Jr., JA; Major Robert N. Michaels, JA; Captain Patrick A. Crocker, JA (on brief).

For Appellee:  Colonel John P. Carrell, JA; Major A.G. Courie III, JA; Major John K. Choike, JA; Captain Scott L. Goble, JA (on brief).


30 October 2015

---------------------------------
MEMORANDUM OPINION
---------------------------------

*This opinion is issued as an unpublished opinion and, as such, does not serve as precedent.*

HAIGHT, Senior Judge:

A military judge sitting as a general court-martial convicted appellant, pursuant to his pleas, of four specifications of aggravated assault with a means likely to produce death or grievous bodily harm (three of them with excepted language), reckless endangerment, and adultery, in violation of Articles 128 and 134, Uniform Code of Military Justice, 10 U.S.C. §§ 928 and 934 (2006) [hereinafter UCMJ].  Then, a panel composed of officer and enlisted members convicted appellant, contrary to his pleas, of six specifications of willful disobedience of a noncommissioned officer, of making a false official statement, and of the contested language of the three specifications of aggravated assault to which appellant pleaded

guilty with exceptions, in violation of Articles 91, 107, and 128, UCMJ.[1]  The panel sentenced appellant to a dishonorable discharge, confinement for 17 years, forfeiture of all pay and allowances, and reduction to the grade of E-1.  The convening authority, consistent with a pretrial agreement, approved only 60 months of confinement but otherwise approved the adjudged sentence.

This case is before us for review under Article 66, UCMJ.  Appellate defense counsel raises four assignments of error, two of which merit discussion and relief.  Appellant personally submitted initial matters and then additional matters pursuant to *United States v. Grostefon*, 12 M.J. 431 (C.M.A. 1982), none of which merits discussion or relief.  However, both parties agree that the promulgating order contains an error which merits brief discussion and relief.

## BACKGROUND

Appellant tested positive for the Human Immunodeficiency Virus (HIV).  Consequently, he was counseled by both medical personnel and his chain of command regarding the risks and responsibilities corresponding to his condition.  Appellant was specifically ordered not to engage in unprotected sex, to inform potential sexual partners of his HIV-positive status, not to engage in combatives, not to participate in Mixed Martial Arts (MMA) competitions, and "to follow all medical advice given [him] by healthcare providers and to make all [his] appointments associated with [his] HIV diagnosis."  Appellant repeatedly and consistently disobeyed the above directives, thereby endangering multiple persons:  soldiers, civilians, sexual partners, MMA and combatives opponents, and attending medical personnel alike.

Appellant also pleaded guilty to and was convicted of an aggravated assault by unlawfully striking a woman in the face with such force as to fracture her nasal bone and orbital floor.

## LAW AND DISCUSSION

### 1. HIV Cases and Likelihood

Appellant alleges there is a substantial basis in law and fact to question the providency of his plea of guilty to the three specifications of aggravated assault with a means likely to produce death or grievous bodily harm by engaging in sexual intercourse as an HIV carrier with three different women as well as his plea of guilty to reckless endangerment by "engaging in a full contact mixed martial arts competition, an activity resulting in bleeding by both participants."  In two

---

[1] The panel acquitted appellant of two specifications of assault consummated by battery and one specification of making a false official statement.

assignments of error, appellant claims he was improvident to these four offenses because, during the colloquy with the military judge, appellant did not adequately understand or explain how the "risk of harm caused by his actions" was "likely" to produce death or grievous bodily harm.

"A military judge's decision to accept a guilty plea is reviewed for an abuse of discretion." *United States v. Eberle*, 44 M.J. 374, 375 (C.A.A.F. 1996). An appellate court will not set aside a guilty plea unless there is "a substantial basis in law and fact for questioning the guilty plea." *United States v. Inabinette*, 66 M.J. 320, 322 (C.A.A.F. 2008) (quoting *United States v. Prater*, 32 M.J. 433, 436 (C.M.A. 1991)) (internal quotation marks omitted).

A military judge can abuse his discretion if he accepts appellant's guilty plea based upon "an erroneous view of the law." *United States v. Weeks*, 71 M.J. 44, 46 (C.A.A.F. 2012) (citing *Inabinette*, 66 M.J. at 322). A knowing and voluntary plea requires the military judge to explain the elements of an offense to the accused and to elicit the factual basis of the offense. *United States v. Redlinski*, 58 M.J. 117, 119 (C.A.A.F. 2003) (citations omitted). Failure to do so constitutes "reversible error, unless 'it is clear from the entire record that the accused knew the elements, admitted them freely, and pleaded guilty because he was guilty.'" *Id.* (quoting *United States v. Jones*, 34 M.J. 270, 272 (C.M.A. 1992)). Moreover, "[t]he providence of a plea is based not only on the accused's understanding and recitation of the factual history of the crime, but also on an understanding of how the law relates to those facts." *United States v. Medina*, 66 M.J. 21, 26 (C.A.A.F. 2008) (citing *United States v. Care*, 18 U.S.C.M.A. 535, 538–39, 40 C.M.R. 247, 250–51 (1969)). An accused must understand "the nature of the charges brought against him . . . ." *Id.* (citations omitted). "[A]n accused has a right to know to what offense and under what legal theory he or she is pleading guilty." *Id.*

One of the elements of the offense of aggravated assault to which appellant pleaded guilty is "[t]hat the weapon, means, or force was used in a manner likely to produce death or grievous bodily harm." *Manual for Courts Martial, United States* (2008 ed.) [hereinafter *MCM*], pt. IV, ¶ 54.b.(4)(a)(iv). Similarly, one of the elements of the offense of reckless endangerment to which appellant also pleaded guilty is "that the conduct was likely to produce death or grievous bodily harm to another person." *MCM*, pt. IV, ¶ 100a.b. (3).

When explaining the elements of appellant's offenses that pertain to his conduct relative to his HIV status, the military judge defined "likely" in the following fashion:

> The likelihood of death or grievous bodily harm is
> determined by measuring two factors. Those two factors
> are: one, the risk of the harm; and two, the magnitude of

3

the harm. In evaluating the risk of the harm, the risk of death or grievous bodily harm must be more than merely a fanciful, speculative, or remote possibility. In evaluating the magnitude of the harm, the consequence of death or grievous bodily harm must be at least probable and not just possible, or in other words, death or grievous bodily harm would be a natural and probable consequence of your acts. Where the magnitude of the harm is great, the fact finder may find that an aggravated assault exists even though the risk of harm is statistically low. For example, if someone fires a rifle bullet into a crowd and a bystander in the crowd is shot, then to constitute an aggravated assault, the risk of harm of hitting that person need only be more than merely a fanciful, speculative, or remote possibility since the magnitude of the harm which the bullet is likely to inflict on that person is great if it hits the person.

*See* Dep't of Army, Pam. 27-9, Legal Services: Military Judges' Benchbook, para. 3-54-8, n.4. (10 Sep. 2014). Significantly, when defining the term "likely" with respect to the aggravated assault offense for severely injuring a woman by striking her in the face, conduct completely unrelated to his HIV status but to which appellant also pleaded guilty, the military judge merely stated, "A force is likely to produce death or grievous bodily harm when the natural and probable results of its particular use would be death or grievous bodily harm." This difference in how "likely" is defined in the context of HIV cases as opposed to other cases of aggravated assault is the very concern addressed last term by our superior court in *United States v. Gutierrez*, 74 M.J. 61 (C.A.A.F. 2015). The Court of Appeals for the Armed Forces (C.A.A.F.) ruled that "'likely' must mean the same thing in an Article 128, UCMJ, prosecution for an aggravated assault involving HIV transmission as it does in any other prosecution under the statute." *Id*. at 66.

In *Gutierrez*, the C.A.A.F. expressly rejected, at least for purposes of HIV cases, that "the risk of harm need only be more than merely a fanciful, speculative, or remote possibility."[2] *Id*. at 66-67. The court found this standard inconsistent with the statutory language of Article 128, UCMJ. Instead, the "ultimate standard [] remains whether -- in plain English -- the charged conduct was 'likely' to bring about grievous bodily harm." *Id*. at 66. Therefore, as the very language found

---

[2] As this is an HIV case, we need not decide at this time whether or not it would be error to apply the current Military Judges' Benchbook full instruction regarding "likelihood of death or grievous bodily harm" with its corresponding analytical framework to a non-HIV aggravated assault. Dep't of Army, Pam. 27-9, Legal Services: Military Judges' Benchbook, para. 3-54-8, n.4 (10 Sep. 2014).

problematic in *Gutierrez* is the language used in this case, we find a substantial basis in law and fact to question appellant's guilty plea to three of the charged aggravated assaults and reckless endangerment.

Like the C.A.A.F. did in *Gutierrez*, with respect to the three HIV-related aggravated assault specifications, we find that we can still affirm convictions to the lesser-included offense of assault consummated by battery as appellant's "sexual partners did not provide meaningful informed consent." *Id*. at 68. This is particularly evident in this case as the specifically contested language in these aggravated assault specifications, which appellant excepted from his guilty plea and of which the panel subsequently found appellant guilty, is "engaging in said sexual intercourse without informing [his sexual partner] of his HIV infection."

### 2. Error in the Promulgating Order

Appellant was charged with, pleaded guilty to, and was convicted of adultery.[3] However, the report of result of trial, as provided to the convening authority as an enclosure to the staff judge advocate's (SJA) post-trial recommendation (SJAR) erroneously lists this offense as "Dismissed." Likewise, the promulgating order also shows this offense as "Dismissed." Both parties acknowledge this error. While we may presume a clerical oversight, we find this error cannot be simply fixed via a correction certificate.

"In a case referred to it, the Court of Criminal Appeals may act only with respect to the findings and sentence as approved by the convening authority." UCMJ art. 66(c). In this case, the convening authority's action makes no mention of the findings of the court-martial. Rule for Courts-Martial [hereinafter R.C.M.] 1107(c) provides that "[a]ction on the findings is not required." However, "a convening authority who does not expressly address findings in the action impliedly acts in reliance on the statutorily required recommendation of the [SJA] and thus effectively purports to approve implicitly the findings as reported to the convening authority by the SJA." *United States v. Diaz*, 40 M.J. 335, 337 (C.M.A. 1994) (internal citation omitted).

Here, neither the SJAR nor its addendum lists or details the findings adjudged at appellant's court-martial, but instead properly relies upon the Result of Trial, listed as an enclosure on both. In accordance with R.C.M. 1106, the SJAR is required to contain "a copy of the report of results of the trial, setting forth the *findings*, sentence, and confinement credit to be applied." R.C.M. 1106(d)(3) (emphasis added). Because we presume the convening authority approved the

---

[3] Appellant pleaded not guilty to a second specification of adultery, but this specification was dismissed prior to findings.

findings as reported to him by the SJA in the post-trial documents, we may not affirm any finding of guilty to this adultery specification.

While, in theory, we could return this record to the convening authority to clarify his action with respect to the adultery offense and possibly correct the promulgating order, in the interest of judicial economy, we will treat this specification of adultery as it was reported and is currently promulgated—that is, DISMISSED.

## CONCLUSION

The findings of guilty to Specifications 2, 3, and 4 of Charge II are AFFIRMED only as to the lesser-included offense of assault consummated by battery. The findings of guilty to Specification 1 (reckless endangerment) of Charge III and Charge III are set aside and that specification and charge are DISMISSED. Specification 2 of Charge III will remain DISMISSED as originally promulgated. The remaining findings of guilty are AFFIRMED.

Findings of guilty have been set aside, and we must now decide whether to reassess the sentence or order a rehearing. After considering the factors in *United States v. Winckelmann*, 73 M.J. 11, 15-16 (C.A.A.F. 2013), we find that we can reassess. Although we have reduced the three HIV-related aggravated assaults to simple batteries, there is not a dramatic change in the penalty landscape. This is especially so in light of the fact that the military judge instructed the panel to treat each HIV-related assault and its corresponding violation of the safe sex order as one offense for sentencing purposes. Also, the nature of the remaining offenses still captures the gravamen of appellant's misconduct, and the circumstances surrounding the dismissed language and offenses remain admissible and relevant to the remaining offenses.

In this case, reassessment is quite simple. Each HIV-related aggravated assault carried with it a maximum period of confinement of three years and subsumed, due to merging for sentencing, the maximum of one year of confinement for its corresponding disobedience. Now, instead, the one-year maximum for the disobedience subsumes the six months of maximum confinement allowed for each lesser-included offense of battery. Accordingly, the maximum benefit appellant could experience is a reduction of two years of confinement for each of his three HIV-related assaults. Furthermore, reckless endangerment carries a maximum confinement period of one year, and the adultery offense, now dismissed, carries a maximum of one year's confinement. The panel sentenced appellant to a dishonorable discharge, confinement for 17 years, total forfeitures, and reduction to the lowest enlisted grade. Allowing for the maximum potential reduction in confinement of eight years would still place appellant's confinement time significantly over his approved sentence which includes only 60 months of

6

confinement. After reassessment, we are confident the sentence adjudged, absent any and all noted errors, would have been at least as severe as the sentence approved. *See United States v. Sales*, 22 M.J. 305 (C.M.A. 1986). We also find the approved sentence is appropriate. Accordingly, the approved sentence is AFFIRMED. All rights, privileges, and property of which appellant has been deprived by virtue of that portion of the findings set aside by this decision are ordered restored.

Judge PENLAND and Judge WOLFE concur.

FOR THE COURT:

MALCOLM H. SQUIRES, JR.
Clerk of Court