*This opinion is subject to administrative correction before final disposition.*

# United States Navy–Marine Corps
# Court of Criminal Appeals

Before
HOLIFIELD, STEWART, and STARITA
Appellate Military Judges

_____

**UNITED STATES**
*Appellee*

**v.**

**Jeremy J. STACK**
Lieutenant (O-3), U.S. Navy
*Appellant*

**No. 202100131**

Decided: 3 September 2021

Appeal from the United States Navy-Marine Corps Trial Judiciary

Military Judges:
Stephen C. Reyes (arraignment)
Donald R. Ostrom (trial)

Sentence adjudged 21 January 2021 by a general court-martial convened at Region Legal Service Office Mid-Atlantic, Norfolk, Virginia, consisting of a military judge sitting alone. Sentence approved by the convening authority: confinement for ten months and a dismissal.

For Appellant:
*Captain Colin A. Kisor, JAGC, USN*

For Appellee:
*Brian K. Keller, Esq.*

_____

**This opinion does not serve as binding precedent under
NMCCA Rule of Appellate Procedure 30.2(a).**

_____

PER CURIAM:

After careful consideration of the record, submitted without assignment of error, we have determined that the findings and sentence are correct in law and fact and that no error materially prejudicial to Appellant's substantial rights occurred.[1]

We note, however, that during the Appellant's guilty plea providence inquiry the military judge failed to state an element and define two material terms for Charge I of the charged offenses.[2] As stated in *United States v. Redlinski*, "[f]or this Court to find a plea of guilty to be knowing and voluntary, the record of trial 'must reflect' that the elements of 'each offense charged have been explained to the accused' by the military judge."[3] The military judge's failure to do so constitutes reversible error, unless "it is clear from the entire record that the accused knew the elements, admitted them freely and pleaded guilty because he was guilty."[4] In reviewing the record, we look "at the context of the entire record to determine whether an accused is aware of the elements, either explicitly or inferentially," rather than focusing on a technical listing of the elements of an offense.[5] Here, the Appellant in his providence inquiry and stipulation of fact was explicit in his knowledge of

_____

[1] Articles 59 & 66, Uniform Code of Military Justice [UCMJ], 10 U.S.C. §§ 859, 866.

[2] Appellant was charged with an attempted sexual abuse of a child by indecent communication under Article 80, UCMJ, and which incorporates the underlying offense of Article 120b(c), UCMJ. During the providence inquiry, the military judge incorporated and gave the elements and definitions of Article 134, UCMJ, indecent language.

[3] *United States v. Redlinski*, 58 M.J. 117, 119 (C.A.A.F. 2003), *citing United States v. Care*, 18 C.M.A. 535, 541, 40 C.M.R. 247 (1969). *See* Article 45(a), UCMJ, 10 U.S.C. §845(a)(2018).

[4] *Id.*, *citing United States v. Jones*, 34 M.J. 270, 272 (C.M.A. 1992).

[5] *Id.*, *citing United States v. Pretlow*, 13 M.J. 85, 88 (C.M.A. 1982); *United States v. Kilgore*, 21 C.M.A. 35, 37, 44 C.M.R. 89 (1971).

the elements and definitions of the charged offense, admitted them freely and voluntarily, and pleaded guilty because he was guilty. We therefore find no prejudice in the error. But we remind military judges of the importance of attention to detail regarding the elements and definitions of the charged offenses when performing their providence inquiries.[6]

The findings and sentence are **AFFIRMED**.

FOR THE COURT:

RODGER A. DREW, JR.
Clerk of Court

---

[6] We also note that Prosecution Exhibit 2 is unsealed, and yet contains explicit images. We hereby order it sealed.